See Drinkall v. Spiegle, Sheriff, 68 Conn. 441, 36 Atl. 830, 36 L. R. A. 486; Bergman v. State, 60 Tex. Cr. R. 15, 130 S. W. 174.

If it would have been permissible to show that the revocation of his parole was unauthorized or not within the scope of the power of the board of paroles (and this is questionable), such proof was not furnished; and the relator, having broken the conditions upon which his freedom from confinement depended, was in no better position than if he had escaped by force. Drinkall v. Spiegle, 68 Conn. 441, 36 Atl. 830, 36 L. R. A. 489; Ex parte Williams, 10 Okl. Cr. R. 346, 136 Pac. 598, 51 L. R. A. (N. S.) 668.

[3] It was not incumbent upon the respondent to prove the terms of the parole. The issuance of the writ by the Governor implies that it was rightfully done, and the implication obtains until overcome by proof. The affidavits found among the papers filed by the Governor, in which the terms of the parole were set out and its breach declared, in no sense vitiated the warrant. The other documents accompanying the requisition were sufficient to support it. Moreover, the law does not prescribe the manner in which the executive of the refugitive state may determine the question of fact as to whether the accused is a fugitive from justice, and we are aware of no legal obstacle to the consideration by the Governor of the affidavits mentioned. McNichols v. Pease, 207 U. S. 100, 28 Sup. Ct. 58, 52 L. Ed. 121; U. S. Statutes Annotated, vol. 2, p. 891 (U. S. Comp. St. § 10118); Ex parte McDaniel, 76 Tex. Cr. R. 184, 173 S. W. 1018, Ann. Cas. 1917B, 335.

[4] The relator's evidence does not negative the fact that he had breached the parole. It does not purport to give the terms of the parole. Its extent is to say that the relator remained in Massachusetts continuously from the time of his conviction until January, 1918, and that when he was paroled all that was said to him by the warden of the penitentiary was: "Here are $3. You are discharged." The trial judge regarded this evidence as insufficient to discharge the burden which was upon relator to show that he was not a fugitive from justice. It was undisputed that he had been charged by indictment and convicted to serve in the penitentiary; that he was released on parole; that the legally constituted authorities had declared his parole breached and revoked; that he had not served the remainder of his term in the penitentiary; had left the state in which he was convicted, and come to Texas. The fact that he remained in Massachusetts until after the expiration of the time when his term of imprisonment would have ended is without weight on the issues involved. His attitude was tantamount to that of an escaped convict from the time his permit to remain at large was breached and revoked. The lapse of time intervening before he left the state did not satisfy the penalty against him. Ruling Case Law, vol. 20, p. 570, § 59; also volume 8, p. 231, §§ 229 and 232.

We find no error in the record. The judgment is affirmed, and the relator remanded to the custody of the sheriff.

(86 Tex. Cr. R. 534)

LAWLER v. STATE. (No. 4607.)

(Court of Criminal Appeals of Texas. Nov. 28, 1917. Rehearing Denied Jan. 21, 1920.)

Bail ⚖=65—On appeal from conviction of misdemeanor in Dallas county recognizance must state penalty.

Despite act giving criminal district court of Dallas county jurisdiction of misdemeanor cases, which provides practice shall be same as on trial of other cases over which criminal courts of county have jurisdiction, under Code Cr. Proc. 1911, arts. 918, 919, appellant from conviction of misdemeanor in such county should have set out in recognizance penalty assessed, instead of following form provided in felony convictions by article 903, and his appeal will be dismissed.

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Ed. Lawler was convicted of a misdemeanor, and he appeals. Appeal dismissed.

Ellis P. House, of Dallas, for appellant.
E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. Appellant was convicted in a misdemeanor and failed to set out in his recognizance the penalty assessed, but follows the form of a recognizance provided in felony convictions (article 903, C. C. P.).

The recognizance in misdemeanors has been uniformly held insufficient where it failed to state the punishment. Branch's Ann. P. C. p. 314, § 615. Answering a motion of the state to dismiss on this ground, attention is directed to the fact that the act giving the criminal district court of Dallas county jurisdiction of misdemeanor cases provides that the practice shall be the same as in trial of other cases over which the criminal district courts of Dallas county have jurisdiction. There is thus presented a question of difficulty. However, articles 918 and 919 of the act, prescribing the manner of appeal by recognizance in misdemeanor cases, are not specifically modified by the act in question, and no reason occurs

to us for prescribing a different form of recognizance in a misdemeanor case appealed from Dallas County than elsewhere. We believe, that it was not the intention of the Legislature by the act creating the criminal district court of Dallas county to so direct. We are of the opinion, on the contrary, that the general statute applies, and in consequence the motion to dismiss must be sustained.

The appeal is dismissed.